IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. SAG-21-cr-90 |
| WILLIAM PATRICK MITCHELL | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION *IN LIMINE* TO EXCLUDE TESTIMONY
AND/OR EXHIBITS RELATED TO SEVERED COUNTS**

William Patrick Mitchell, by and through his attorneys, James Wyda, Federal Public Defender for the District of Maryland, and Cara Halverson and Ned Smock, Assistant Federal Public Defenders, hereby moves, pursuant to Federal Rules of Evidence 401, 402, 403, and 404, for this Honorable Court to issue a pre-trial ruling barring the government from introducing testimony or exhibits that mention Mr. Mitchell's alleged conduct in regards to embezzlement from Maryland Broadband Cooperative (MdBC). Testimony and/or exhibits about the alleged acts of embezzlement are simply irrelevant to any element of the crimes alleged in the May trial, and even if it were somehow relevant, it would be unfairly prejudicial and misleading to a jury. This potential for prejudice and confusion was a driving factor behind this Court's decision to sever the embezzlement counts; permitting the government to admit that same evidence at trial on the severed bribery counts would run contrary to the purpose of the severance.

**FACTUAL BACKGROUND**

The government charged Mr. Mitchell in a 23-count Superseding Indictment, which set forth two distinct sets of allegations related to Mr. Mitchell's time as CEO of MdBC. *See* ECF No.

1

9. MdBC is a cooperative company created by the Maryland General Assembly to improve broadband service and lay fiber optic cable for internet access across Maryland. Mr. Mitchell was the CEO of MdBC from its inception in 2009 until 2019. In sum, the government alleges 1) that Mr. Mitchell participated with co-defendant Wayne Kacher in a kickback scheme related to subcontracts directed at Mr. Kacher's firm, Bel Air Underground ("BAU"), which laid fiber optic cable for MdBC ("the bribery counts"), and 2) that Mr. Mitchell misused company funds by making personal purchases on his MdBC credit card ("the embezzlement counts").

Both Mr. Mitchell and Mr. Kacher previously filed motions for severance of counts and defendants on independent grounds. In his motion, Mr. Mitchell argued for severance of Counts 1-14 of the Superseding Indictment from Counts 21-23 because those counts were factually distinct from each other. *See* ECF No. 57. A hearing was held on the parties' motions on July 14, 2023. The Court determined that the bribery and embezzlement offenses were not part of the same act or transaction and that trying them together would prejudice Mr. Mitchell, making the counts improperly joined under Federal Rule of Criminal Procedure 8(b). *Id.* at 32. The Court further found that Mr. Mitchell's propensity and prejudice arguments under Rule 14 outweighed the judicial efficiency benefit of having a joint trial. It thereafter set a three-week jury trial date for the bribery counts, to begin on May 13, 2024, at 9:30 a.m. *See* ECF No. 83. A jury trial for the embezzlement counts was set for July 8, 2024. *See* ECF No. 84.

## ARGUMENT

The Court should preclude the government from eliciting testimony or producing exhibits that reference evidence of embezzlement at issue in Mr. Mitchell's July trial, both on relevance grounds and because the information would be unduly prejudicial to Mr. Mitchell.

2

Evidence is relevant if it makes a "fact [] of consequence" "more or less probable." Fed.R.Evid. 401. Irrelevant evidence is never admissible; relevant evidence is admissible subject to the rules and law of evidence. Fed.R.Evid. 402. Here, the government's prospective evidence of Mr. Mitchell's improper spending of MdBC funds on personal expenses provides no information to a jury that would be helpful in determining whether Mr. Mitchell is guilty of participating in a scheme to defraud the government of federal funds by accepting bribes from co-defendant Kacher, nor does it have any bearing on whether Mr. Mitchell caused a wire transmission to occur for the purposes of executing such a scheme. Evidence of Mr. Mitchell's wayward spending of the company's funds on personal expenses are simply not probative of any fact relevant to the elements of the charged offenses in this first trial.

Of course, the government will be permitted to proffer evidence that Mr. Mitchell was the CEO of MdBC during the relevant times, and that MdBC received federal benefits of more than $10,000. However, whether Mr. Mitchell improperly used company funds to pay for his personal expenses has no bearing on whether Mr. Mitchell accepted money with the corrupt intent that he be influenced to grant business to a particular subcontractor, BAU. They are two entirely different schemes with entirely different elements and evidence, as noted by the Court in its decision to sever the counts. *See* ECF No. 77. Therefore, it would be entirely improper for the government, despite the severance, to then inject evidence of the severed counts into this case.

Further, even if testimony or exhibits about Mr. Mitchell's alleged improper spending of company funds on personal expenses were somehow relevant to whether Mr. Mitchell had the corrupt intent to be persuaded to grant business to a particular subcontractor, the Court should nonetheless not allow its admission because it is unduly prejudicial to Mr. Mitchell, would confuse

3

the issues, and mislead the jury. Rule 403 precludes the admission of "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Rule calls for "weighing the need of admission against potential harms." *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993). "When the harmful component becomes unduly prejudicial, a court should exclude it from consideration by the jury." *Id*.

Finally, allowing the government to introduce testimony or exhibits that suggest Mr. Mitchell is culpable of misusing company funds to enrich himself would be classic inadmissible character evidence. Under Fed. R. Evid. 404(a), evidence of a persons' character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. If the Court allowed this evidence in, the jury could infer that Mr. Mitchell is either a greedy or desperate businessman, focused on extracting funds, not only from the government but also from MdBC. And that on the dates at issue, when it is alleged that Mr. Mitchell allegedly accepted an illegitimate payment from Mr. Kacher, he did so in accordance with this supposed character trait of greediness or desperation. That kind of inference cannot be permitted. Rule 404(b) similarly precludes the admission of evidence of another crime, wrong, or act to prove a person's character. Therefore, the government should be similarly prohibited from introducing evidence of Mr. Mitchell's embezzlement from MdBC to prove that he acted in accordance with his criminal nature to deprive the United States of its funds.

WHEREFORE, the Court should grant defendant's motion to exclude testimony and/or exhibits about his alleged acts of embezzlement from MdBC.

Respectfully submitted,

JAMES WYDA
Federal Public Defender
   for the District of Maryland

      /s/
_____
CARA HALVERSON
NED SMOCK
Assistant Federal Public Defenders
6411 Ivy Lane
Greenbelt, Maryland 20770
Phone: (301)344-0600
Email: cara_halverson@fd.org
       ned_smock@fd.org